SUWANNEE FRUIT & STEAMSHIP CO.
et al. v. LAWSON, Deputy Com-
missioner.

Civil Action No. 954 J.

District Court, S. D. Florida,
Jacksonville Division.

Oct. 11, 1946.

See also 63 F.Supp. 112.

Marks, Marks, Holt, Gray & Yates, of Jacksonville, Fla., for plaintiffs.

Herbert S. Phillips, Dist. Atty., of Tampa, Fla., and Edith House, Asst. Dist. Atty., of Jacksonville, Fla., for defendant.

STRUM, District Judge.

While in the employ of Suwannee Fruit & Steamship Company, John Davis suffered the accidental loss of his *left* eye under circumstances entitling him to compensation under the Longshoremen's and Harbor Workers' Compensation Act, § 8, 33 U.S.C.A. § 908. An award was made by the Deputy Commissioner, affirmed by this Court, awarding said employee compensation for permanent partial disability under sec. 8(f) of the Act, which award is now being paid in due course by said employer.

Prior to entering the employ of Suwannee, the employee had lost the sight of his *right* eye in circumstances not entitling him to compensation for that eye, and no compensation benefits have heretofore been paid him for the loss of the right eye. The Deputy Commissioner has now made an award for permanent total disability based upon the combined effect of the two injuries, which award the employer seeks to restrain as unauthorized.

As the employee is now industrially blind in both eyes, he is, under the Act, entitled to compensation for total permanent disability. The sole and narrow question here is whether the present employer, Suwannee, is liable for *total* permanent disability, or whether said employer is liable only for the maximum compensation for *partial* permanent disability, the remainder to be paid out of the special fund created by sec. 44 of the Act, 33 U.S.C.A. § 944.

Solution of the question depends upon a construction of sec. 8(f) of the Act, 33 U.S.C.A. § 908(f), which provides:

"Injury increasing disability:

"(1) If an employee receive an injury which of itself would only cause permanent

partial disability but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: Provided, however, That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in section 944 of this chapter."

Following the only known case on the subject, National Hospital Association v. Britton, 79 U.S.App.D.C. 309, 147 F.2d 561, 562, the Deputy Commissioner held the plaintiff employer liable for *total* permanent disability, which is the holding of the majority in that case. With due deference thereto, this Court is unable to follow the interpretation of sec. 8(f) there adopted by the majority. This Court agrees with, and follows, the dissenting opinion of Judge Groner, which seems to clearly express not only the Congressional intent, but also the right and justice of the situation, without prejudice to the injured employee.

The above mentioned majority opinion concedes that when sec. 8(f) is read in the usual and ordinary meaning of its words, it indicates clearly enough that in the circumstances here involved, the employer in whose employ the subsequent injury occurred, is liable only for the consequences of that injury, that is, for permanent *partial* disability. Difficulty arises only when the statutory definitions of "injury" and "disability," appearing in sec. 2, are interpolated into the context of sec. 8(f) of the Act, where they produce incongruous results.

In the cited case the majority hold that— "Since (the employee's) previous incapacity did not arise out of the course of employment, the statutory phrase (sec. 8-f) has no application to this case." The employer in whose employ the second injury occurred, is held liable for the consequences of *both* injuries, that is, for permanent *total* disability, though the first injury did not occur in that employer's employment, nor was he in any wise liable therefor.

If the majority opinion in the cited case is carried to its conclusion, it would result that where, as there (and here), an employee suffers an original injury, not in the course of employment, and suffers a second injury in the course of his present employment, that employer would be liable for the consequences of both injuries, and must compensate for total permanent disability, although the first injury had no connection whatever with the present employment. On the other hand, if the injury had been suffered in the course of some previous employment, then the employer in whose employ the second injury occurred, would be liable only for permanent *partial* disability, that is, the consequences of the injury that occurred in the latter employment. · This Court sees no intent in the Act to make an employer liable for *total* disability where a previous injury was not in the course of employment, and yet liable only for partial disability where the previous injury was in the course of employment. Rather does sec. 8(f) indicate that the employer should be liable only for the consequences of the injury suffered in his employment, the special fund to bear the remaining burden.

Moreover, the above mentioned interpretations of the Act will adversely affect the interests of partially disabled persons who seek employment. A prudent employer will not employ a person already under partial disability, if, as held by the majority in the cited case, he is liable for total disability caused in part by a previous injury, for which he is not liable, when combined with another injury occurring in his employ which of itself would produce only partial disability, and consequently a smaller liability.

This Court is of the opinion that Congress intended to use the words "injury" and "disability" in sec. 8(f) in their ordinary sense, which produces a consistent, harmonious, and logical result, whereas to interpolate into sec. 8(f) the defined meaning of those words from sec. 2 leads

618

to an anomaly. The principles of statutory construction applied by the majority in the cited case are abstractly correct, but the rigid application of those principles there made, produces a result which this Court believes is not only contrary to the Congressional intent, but is out of harmony with the remainder of the Act. The Court holds that the employee is entitled to full compensation for permanent *total* disability, but that this employer is liable only for permanent partial disability. The remainder should be paid from the special fund created by 33 U.S.C.A. § 944.

Motion to dismiss denied.